**UNITED STATES DISTRICT COURT FOR**

**THE SOUTHERN DISTRICT OF TEXAS**

United States Courts
Southern District of Texas
F I L E D

**NOV 1 6 2020**

David J. Bradley, Clerk of Court

| | |
|---|---|
| **CHRISTINA R. HARDIN,** | Civil Action No. **2 0 CV 3 8 9 3** |
| **Plaintiff,** | |
| **V.** | <u>**COMPLAINT**</u> |
| **UNITED AIRLINES, INC.,** | |
| **Defendants.** | **JURY TRIAL DEMANDED** |

Plaintiff, Christina R. Hardin (or Plaintiff), by and through her attorney, Thomas F. Coleman, complaining of the Defendant, United Airlines, Inc.'s Sexual (Gender) discrimination and wrongful termination on the basis of her sex, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and interference and retaliation with regard to medical leave pursuant to the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). Plaintiff seeks appropriate monetary and other relief to redress the wrongdoing complained of herein:

<u>**INTRODUCTION**</u>

1.      The issue is sex discrimination, particularly discrimination by denying medical benefits for repair of damage to female breasts which was injured on the job. Defendant discriminated against Plaintiff on the basis of her gender – specifically, because Defendant knew Plaintiff had corroborating evidence proving on-the-job injury to her breasts, yet refused her medical benefits and, subsequently, interfered with her FMLA, and finally terminated her for appealing United Airlines, Inc.'s denial of Worker's Compensation Benefits to which she was entitled by reason of the injury to her breasts.

22

2.      United had no intention of granting Worker's Compensation Benefits to Ms. Hardin regardless of the proof or extent of injury, proving discrimination occurred due to bias against the female breast in United's culture of related and continued sexual discrimination.

3.      Many women are discriminated against in their employment at United as shown in the case of EEOC v. United Airlines – Civil Action (No. 5 = 18-cv-817).  Here the Court enjoined the Company (United Airlines) from engaging in further gender – discriminatory practices.  By placing concern for "the bottom line" ahead of concerns for their employees, United took discriminatory actions that had a disparate impact on their female employees, including Plaintiff.

4.      Plaintiff, Christina R. Hardin, a member of a protected class (female), served at United Airlines for over 4 years as a flight attendant.  She routinely put her job before herself, even continuing to work after being injured on duty due to loss of income and debt incurred to pay for needed surgery.  This was the only time Ms. Hardin had ever filed an On-the-Job Injury ("OJI") claim. Men are not subjected to the same or similar adverse treatment of injury to their their breasts because they are not identified as a sexually provocative vanity due to cultural bias. Treatment for the injury to her female breast implants, torn soft tissue, deformity and the torn pectoral muscle was not regarded as a medical necessity. Her OJI claim was denied.

5.      Gender discrimination occurred when the Defendant intentionally disregarded their Policy and Procedures and Worker's Compensation Laws to determine compensability and liability.  OJI benefits for this uniquely female autonomy was denied before proper investigations of medical necessity and failure to contacting witnesses left Ms. Hardin without the medical care determined to be immediately necessary by the Emergency Room medical professionals and her United in-network, treating doctor. Rather, with no basis whatsoever, United concluded that injury to the female breast was not to be considered as an on-the-job injury for which medically

22

necessary treatment was obliged to be provided.

6.      United has caused harm to Ms. Hardin physically, emotionally and financially. Plaintiff seeks appropriate monetary and other relief to redress the wrongdoing complained of herein.

7.      Under 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), Plaintiff is a member of a second protected class (disability) so that interference and retaliation with regard to medical leave pursuant to the Family and Medical Leave Act, constitutes employment discrimination and wrongful termination based upon her disability when she was denied leave following her breast surgery. Plaintiff seeks appropriate monetary and other relief to redress the discrimination complained of herein

## PARTIES

8.      Plaintiff, Christina R. Hardin is a 55 year-old woman. Ms. Hardin was employed by Defendant as a flight attendant from June 1, 2015 until she was wrongfully terminated August 26, 2019. Ms. Hardin resides in Houston, Texas. Denial of her Workers' Compensation benefits and interference with her FMLA rights occurred while Hardin was in both Montgomery County and Harris County, Texas. The violations and her damages, as set out in more detail below, were incurred in these two counties.

9.      Defendant United Airlines, Inc. is a domestic corporation registered under the laws of the State of Delaware and headquartered at 233 South Wacker Drive, Chicago, Illinois 60606. United does business across the United States and internationally, including in the State of Texas. United is one of the largest commercial airlines in the world, with well over 80,000 employees, more than 11,000 of whom work in flight operations, including flight attendants. At all times hereinafter mentioned, United was an "employer" under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

The amount in controversy is in excess of $75,000.00, not counting interest and cots of court because Hardin has incurred substantial medical expenses, lost wages and income, mental anguish

22

as a result of Defendant's discriminatory actions.

## SUBSTANTIVE ALLEGATIONS

## I.    UNITED DISCRIMINATED ON THE BASIS OF HARDIN'S SEX.

### Background

10.    United is responsible for all conditions and terms of employment, including but not

limited to hiring, paying, firing, controlling work hours, directing various job actions, and is

responsible for approving or denying Workers' Compensation benefits, scheduling any approved

absences, whether for vacation, medical leave, or leave covered by FMLA.

11.    United maintains the following mission statement in its "Code of Ethics and

Business Conduct":

> United provides equal opportunity to all employees and applicants, and we work to
> achieve a workplace free of discrimination and harassment on the basis of age,
> citizenship, color, disability, gender, gender identity, genetic information, national
> origin, pregnancy, race, religion, sexual orientation, veteran status or any other
> category protected by law. We provide equal employment in, for example, hiring,
> promotion, transfers, compensation, benefits, leaves of absences and decisions
> about discipline or termination of employment. We expect our employees to treat
> co-workers, customers, vendors and anyone else with whom employees interact as
> part of their jobs or at company-sponsored events with dignity and respect.

12.    Ms. Hardin had informed the flight Captain of her injury at the conclusion

of the flight, yet he did not file a report until after the claim was denied and the Chief Pilot forced

him to do so. The pilot said, in his report, that Ms. Hardin reported the injury to her "boob" and he

told her to go to the clinic. His report, also, inaccurately stated that there was not severe

turbulence during the flight, yet Ms. Hardin's immediate flight home for treatment was delayed

overnight due to severely turbulent weather. She had to spend the night in the flight attendant

lounge at the airport. Upon Appeal, United used the pilot's inaccurate statement of "light

turbulence" to prove they were not liable for Ms. Hardin's injury. There were no other witnesses interviewed (such as the flight attendant who also worked on the flight and told United that the turbulence was severe).

13.     United knowingly failed to investigate the injury to Ms. Hardin's breasts proving the intent to sexually discriminate against her because of their bias regarding the female breast. The Denial of Benefits letter claimed, without medical proof, that the damage to Ms. Hardin's breast was a "bruise" and therefore, did not require surgery which (1) admits there was an injury, and (2) was contrary to all the medical evidence  available to United including the medical opinion of the E/R doctor and staff, and their own "in-network" doctor. United's policy for denial of Worker's Compensation requires written, substantiated medical evidence of their claim, yet a second opinion for verification of injury was not requested by United before their denial.

14.     Upon arrival to Ms. Hardin's hometown in Houston, Texas, she immediately went to the ER.  The injury and deformity was confirmed by the doctors and she was referred to a reconstructive plastic surgeon.

15.     Ms. Hardin specifically chose a United "in-network" plastic surgeon for treatment. He also confirmed the injury and deemed it was "medically necessary" to perform immediate surgery to minimize the scar tissue building up due to traumatic injury to the breasts. The surgery had to be postponed due to a delayed response and denial of benefits from United. Ms. Hardin did not have the financial means necessary to proceed with the surgery and had to borrow money to do so.

16.     United knowingly and illegally disregarded Worker's Compensation Laws and Appellate law decisions that confirm payment of benefits for breast implants due to injury because implants are a "prosthetic" devise that repairs a deformity.   United has claimed in their denial letters that breast implants are not "prosthetic" devises and will not be covered regardless of injury.

## II.  JURISDICTION AND VENUE

17.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331

because this case is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as well as under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*

18.     Venue is properly laid in the Southern District of Texas, pursuant to 28 U.S.C. § 1391(b), because Hardin's claims for medical treatment arose in this district, and her damages occurred in this judicial district.

19.     On July 26, 2018, Ms. Hardin was injured during a flight while she in the process of serving meals in First Class and performing her duties as Lead Flight Attendant. The flight on which she was working hit severe turbulence.  The pilot told the flight attendants to take their seats. The seat harness went from over her shoulders to the seat, forming an "X" with a large buckle in the center of her chest. The turbulence repeatedly thrust the buckle right and left into her breasts causing her to suffer painful tearing and bruising to the tissue in her breasts, chest and neck.  Ms. Hardin reported the injury to the Captain upon landing at Dulles Airport who instructed her to seek medical attention at the clinic. There is no clinic at Dulles, so Hardin had to catch the next flight to Houston for treatment.

20.     Ms. Hardin appealed her Dulles Supervisor Ms. Hovanisian's decision to deny Worker's Compensation benefits for more than a year in the Texas worker's compensation system.  As the case was escalating in 2019, Ms. Hardin's FMLA was revoked and, after her doctor's approval, was reinstated on August 1, the same day that a Letter of Investigation was issued. Two weeks later, Ms. Hardin was terminated on a suspicious charge.  Ms. Hovanisian changed her reason for termination three times during the Termination Appeals process.

21.     Following submission of her FMLA paperwork and her doctors' notes indicating that her disability caused not only great pain, but also exhaustion due to the resulting inability to sleep, United approved Hardin for use of FMLA leave.

22

### III.
### EEOC AUTHORIZATION TO FILE

1.         Plaintiff filed a charge of gender discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), requesting a Notice of Right to Sue in the event the matter could not be resolved by the EEOC.

1.         The EEOC issued Plaintiff a Notice of Right to Sue, dated 8/17/2020.

2.         Plaintiff brings this Complaint within 90 days of the receipt of the Notice of Right to Sue.

### CAUSES OF ACTION

### COUNT I

### VIOLATION OF TITLE VII – SEX DISCRIMINATION

3.         Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

4.         In violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*, Defendant discriminated against Ms. Hardin on the basis of her sex, in that Defendant engaged in a course of conduct, as stated above, which sought to terminate, and did terminate, Ms. Hardin through discriminatory conduct because of her sex.

5.         Ms. Hardin is a member of a protected class (sex). She performed her job at an acceptable level, as evidenced by her clean employment record prior to Defendant's discriminatory conduct.  Defendant discriminated against her on the basis of her sex when Defendant ultimately terminated her as a result of this discrimination.

6.         As a proximate result of Defendant's actions, Ms. Hardin has suffered and continues to suffer substantial losses, including the loss of past and future earnings, the loss of employment benefits, severe emotional and psychological distress, physical pain resulting from said distress, continued physical complication as a result of delayed surgery, severe and lasting

22

embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

7.     The conduct of Defendant was done in conscious disregard of Ms. Hardin's rights. Therefore, Ms. Hardin is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## COUNT IV

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – FMLA INTERFERENCE

8.     Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

9.     By illegally and knowingly interfering with Ms. Hardin's FMLA and after her doctor's approval, reinstating it at the same time of her Investigation for Termination Letter, Defendant interfered with Plaintiff's rights under the FMLA.

10.     By engaging in such interference, Defendant violated the FMLA, 29 U.S.C. §§ 2601 et seq.

11.     As a proximate result of Defendant's actions, Ms. Hardin has suffered and continues to suffer substantial losses, including the loss of past and future earnings, the loss of employment benefits, severe emotional and psychological distress, physical pain resulting from said distress, severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

12.     The conduct of Defendant was done in conscious disregard of Ms. Hardin's rights. Therefore, Ms. Hardin is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## COUNT V
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – RETALIATION

13.     Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

14.     Plaintiff's termination from employment by Defendant less than one month after the conclusion of her FMLA was willfully undertaken in retaliation for Plaintiff exercising her rights under the FMLA.

15.     By engaging in such retaliation, Defendant violated the FMLA, 29 U.S.C. §§2601 *et seq.*

16.     As a proximate result of Defendant's actions, Ms. Hardin has suffered and continues to suffer substantial losses, including the loss of past and future earnings, the loss of employment benefits, severe emotional and psychological distress, physical pain resulting from said distress, severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

17.     The conduct of Defendant was done in conscious disregard of Ms. Hardin's rights. Therefore, Ms. Hardin is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this court grant the following relief: compensatory damages in the form of lost wages and employment benefits, mental anguish, punitive damages, equitable relief in the form of reinstatement of Plaintiff's former position with United, pre- judgment and post-judgment interest, reasonable attorneys' fees and costs, and such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further in t otherwise complies with the requirements of Rule 11.

Dated: Houston, Texas
            November 16, 2020

Respectfully submitted,

Thomas F. Coleman, Attorney at Law

By: _Thomas F. Colman_

SBOT 04572000
2 Sawmill Grove Ct.
The Woodlands, Texas 77380
Telephone: (918) 760-9438
Facsimile: (713) 523-2804

*Counsel for Plaintiff*

22